IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTINICA FORTALEZA CANIADIDO, an individual, | ) ) ) | CIVIL NO. 11-00078 JMS/BMK |
| Plaintiff, | ) ) ) | ORDER (1) GRANTING DEFENDANT MORTGAGEIT, INC.'S MOTION FOR SUMMARY |
| vs. | ) ) | JUDGMENT; (2) DISMISSING OTHER CLAIMS; AND |
| MORTGAGEIT, LLC, a Business Entity, form unknown, et al., | ) ) ) | (3) GRANTING LEAVE TO AMEND |
| Defendants. | ) ) ) ) | |

_____

## ORDER (1) GRANTING DEFENDANT MORTGAGEIT, INC.'S MOTION FOR SUMMARY JUDGMENT; (2) DISMISSING OTHER CLAIMS; AND (3) GRANTING LEAVE TO AMEND

## I. INTRODUCTION

On February 1, 2011, Plaintiff Martinica Fortaleza Caniadido

("Plaintiff"), proceeding *pro se*, filed this action against Defendants MortgageIT,

LLC ("MortgageIT"), Creative Capital Lending ("Creative"), GMAC Mortgage,

LLC ("GMAC"), and Mortgage Electronic Registration Systems ("MERS")

(collectively, "Defendants") alleging federal and state law claims stemming

primarily from a July 6, 2007 mortgage transaction concerning real property

located at 74-9606 Hooloa Street in Kailua-Kona, Hawaii (the "subject property").

Plaintiff seeks declaratory and injunctive relief, as well as damages and rescission of the mortgage transaction.

Currently before the court is MortgageIT's Motion for Summary Judgment. Although styled as a Motion for Summary Judgment, MortgageIT raises several arguments that attack the sufficiency of the allegations of the Complaint as opposed to asserting the lack of a genuine issue of material fact. The court therefore construes MortgageIT's Motion as seeking either summary judgment or a Rule 12(b)(6) dismissal depending on the particular argument for each claim. Based on the following, the court GRANTS MortgageIT's Motion with leave to amend as to certain claims. Given obvious defects as to all Defendants, certain claims are dismissed as to all Defendants.

## II. BACKGROUND

### A. Factual Background

On July 6, 2007, Plaintiff entered into a mortgage loan with MortgageIT. Specifically, Plaintiff signed a "Flex Pay Fixed / Adjustable Rate Note" in favor of MortgageIT for the amount of $375,000 with an initial interest rate of 7%, adjusted each year based on the LIBOR index rate. *See* MortgageIT Ex. A. Plaintiff also signed a mortgage on the subject property in favor of MortgageIT, which lists MERS as mortgagee, solely as nominee for MortgageIT.

*See* MortgageIT Ex. C.

Plaintiff's loan was subsequently securitized and sold on the secondary mortgage market such that MortgageIT is not the current beneficiary of the promissory note and does not hold the mortgage associated with the note. *See* James D. Campbell Decl. ¶ 7.

## B.     Procedural Background

Plaintiff's February 1, 2011 Complaint alleges twelve separate counts, entitled: "(1) Declaratory Relief; (2) Injunctive Relief; (3) Contractual Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Violations of TILA; (5) Violations of RESPA; (6) Rescission; (7) Unfair and Deceptive Acts and Practices (UDAP); (8) Breach of Fiduciary Duty; (9) Unconscionability; (10) Predatory Lending; (11) Quiet Title; and (12) Lack of Standing (MERS)."[1]

On May 17, 2011, MortgageIT filed its Motion for Summary Judgment, which was originally set for hearing on July 11, 2011. On June 17, 2011, GMAC and MERS filed a statement of no opposition. On June 20, 2011,

---

[1] The Complaint also mentions the Equal Opportunity Credit Act, Compl. ¶ 15; the "Fair Lending/Fair Debt Collection Act," *id.*; and the Federal Trade Commission Act, *id.* ¶ 45. Plaintiff, however, asserts no claims for relief (*i.e.*, no Counts) for any alleged violations of those federal laws. The Complaint as written therefore fails to state a claim for violations of those statutes. *Cf. Bautista v. L.A. Cnty.*, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation.") (citations omitted).

Plaintiff requested additional time to file an Opposition, which this court granted on June 21, 2011. In granting Plaintiff additional time to file an Opposition, the court provided Plaintiff a "Notice to Pro Se Litigants" explaining her duties in responding to a Motion for Summary Judgment. Plaintiff failed to file an Opposition, and MortgageIT filed a Reply on August 16, 2011. Pursuant to Local Rule 7.2(d), the court determines MortgageIT's Motion without a hearing.

### III. <u>STANDARDS OF REVIEW</u>

**A. Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

The court liberally construes pro se pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that a district court may dismiss cases *sua*

*sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

**B.      Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud."  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

In their pleadings, Plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  *Id*. (citation and quotation signals omitted).  Where there are multiple defendants, Plaintiffs cannot "lump multiple defendants together" and instead must "differentiate their allegations [between defendants]."  *Destfino v. Kennedy*, 630 F.3d 952, 958 (9th Cir. 2011) (citation omitted).  However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed.");  *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir.

1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

## C. Summary Judgment

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of

informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille*

*Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor" (citations omitted)).

## IV. **DISCUSSION**

Plaintiff's Complaint is a boilerplate complaint alleging the same twelve causes of action that has been filed in numerous actions by other pro se plaintiffs before this court. In detailed orders, the court has dismissed these complaints for failure to state a claim, explaining in detail the complaints' deficiencies. *See, e.g.*, *Hoilien v. Bank of Am.*, 2011 WL 2518731 (D. Haw. June 23, 2011); *Kelly v. Bank of Am.*, 2011 WL 2493048 (D. Haw. June 22, 2011); *Hoilien v. Bank of Am.*, 2011 WL 976699 (D. Haw. Mar. 17, 2011); *Phillips v. Bank of Am.*, 2011 WL 240813 (D. Haw. Jan. 21, 2011); *Mier v. Lordsman Inc.*, 2011 WL 285862 (D. Haw. Jan. 27, 2011); *Marzan v. Bank of Am.*, --- F. Supp. 2d ----, 2011 WL 915574 (D. Haw. Mar. 10, 2011).

Rather than file a motion to dismiss (as was addressed in the court's previous orders), MortgageIT tries a different approach of seeking summary judgment on each of Plaintiff's claims. MortgageIT takes this approach in an apparent attempt to have the claims against it dismissed with prejudice and avoid the result of the previous cases -- that the complaint is dismissed with leave for the

plaintiff to amend as to certain claims.

Despite labeling its motion as a Motion for Summary Judgment, for several claims MortgageIT fails to show the lack of a genuine issue of material fact. Specifically, to prevail on summary judgment, a movant must affirmatively show the absence of a genuine issue of material fact, regardless of which party may have the ultimate burden of persuasion at trial. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"); *Nissan Fire & Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir. 2000) ("[T]he moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."); *Soremekun*, 509 F.3d at 984 (stating that the moving party is able to prevail "by pointing out that there is an absence of evidence to support the nonmoving party's case"). In other words, "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." *Celotex*, 477 U.S. at 328 (White, J., concurring).

Rather than show the lack of a genuine issue of material fact as to several claims, MortgageIT instead argues that the *allegations* of the Complaint fail to establish a claim for relief.  Although labeled as seeking summary judgment, such argument is seeking dismissal of the Complaint for failure to state a claim. Accordingly, where appropriate, the court construes MortgageIT's arguments as seeking dismissal pursuant to Rule 12(b)(6).  Construing certain of MortgageIT's arguments as seeking dismissal pursuant to Rule 12(b)(6) as opposed to summary judgment is consistent with the court's consideration of Plaintiff's pro se status and recognition that leave to amend should be freely granted to allow for a determination on the merits.  *Ferris v. Santa Clara Cnty.*, 891 F.2d 715, 718-19 (9th Cir. 1989) (stating that "[l]eave to amend following summary judgment may be granted at the discretion of the court," and recognizing that allowing amendment to "facilitate decision on the merits" must be "liberally construed when applied to pro se plaintiffs"); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.").

With this framework, the court addresses each of Plaintiff's claims in turn.

**A.     Counts I, II, and VI -- Declaratory Relief, Injunctive Relief, and Rescission**

MortgageIT argues that these "claims" for declaratory relief, injunctive relief, and rescission are remedies and not causes of action.  Applying a Rule 12(b)(6) standard, the court agrees.

As to Count I, Plaintiff is apparently seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.[2]  Count I alleges that "[a]n actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties, in that Plaintiff contends that Defendants did not have the right to foreclose on the Subject Property[.]"  Compl. ¶ 48.  Plaintiff asks the court to declare that "the purported power of sale contained in the Loan [is] of no force and effect at this time" because of "numerous violations of State and Federal laws designed to protect borrowers[.]"  *Id.* ¶ 49.  "As a result of Defendants' actions, Plaintiff has suffered damages . . . and seeks declaratory relief

---

[2] The Declaratory Judgment Act provides in pertinent part:

> a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

that Defendants' purported power of sale is void[.]" *Id.* ¶ 50.

Given these allegations, Plaintiff's declaratory relief claim is not cognizable as an independent cause of action under the Declaratory Relief Act. *See Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." (citation and quotation signals omitted)). That is, because Plaintiff's claims are based on allegations regarding Defendants' past wrongs, a claim under the Declaratory Relief Act is improper and in essence duplicates Plaintiff's other causes of action. *See, e.g.*, *Ballard v. Chase Bank USA, NA*, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory relief 'rises or falls with [the] other claims.'") (citation omitted); *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009) ("A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action."); *Ruiz v. Mortg. Elec. Registration Sys., Inc*., 2009 WL 2390824, at *6 (E.D. Cal. Aug. 3, 2009) (dismissing claim for declaratory judgment where foreclosure already occurred such that the plaintiff was seeking "to redress past wrongs"); *Edejer v. DHI Mortg.*

*Co.*, 2009 WL 1684714, at *11 (N.D. Cal. June 12, 2009) ("Plaintiff's declaratory relief cause of action fails because she seeks to redress past wrongs rather than a declaration as to future rights.").

As to Count II, the court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."); *Henke v. Arco Midcon, L.L.C.*, 750 F. Supp. 2d 1183, 1201 (E.D. Mo. 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); *Plan Pros, Inc. v. Zych*, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) (stating that "no independent cause of action for injunction exists"); *Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (same). Injunctive relief may be available if Plaintiff is entitled to such a remedy on an independent cause of action.

Finally, as to Count VI, the Complaint asserts that "Plaintiff is entitled to rescind the loan for all of the foregoing reasons: 1) TILA Violations; 2) RESPA; 3) Fraudulent Concealment; 4) Deceptive Acts and Practices (UDAP) and 5) Public Policy Grounds, each of which provides independent grounds for relief." Compl. ¶ 82. Like Counts I and II, generally "[r]escission is only a

remedy, not a cause of action." *Bischoff v. Cook*, 118 Haw. 154, 163, 185 P.3d 902, 911 (Haw. App. 2008). The remedy thus "rises or falls with [the] other claims." *Ballard*, 2010 WL 5114952, at *8. Indeed, as alleged here, Count VI specifically acknowledges that it is seeking rescission based upon "independent grounds for relief." *Id.*

Accordingly, the court DISMISSES Counts I, II, and VI without leave to amend. If Plaintiff eventually prevails on an independent claim, these remedies may be available, but they are not independent causes of action. Because these deficiencies apply equally to all Defendants, this dismissal is as to all Defendants.

## B.    Count III -- Covenant of Good Faith and Fair Dealing

Count III is entitled "Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing." Plaintiff alleges that every contract imposes a duty of good faith and fair dealing "in its performance and its enforcement," Compl. ¶ 57, and that Defendants "willfully breached their implied duty of good faith and fair dealing" by engaging in the acts alleged in the Complaint (such as withholding disclosures or information, and "willfully plac[ing] Plaintiff[] in a loan that [he] did not qualify for"). *Id.* ¶ 60.

MortgageIT does not come forward with any evidence establishing the scope of its interactions with Plaintiff or argue that its interactions with Plaintiff do

not establish bad faith.  Rather, MortgageIT raises the legal argument that these allegations fail to state a claim.  Applying a Rule 12(b)(6) standard, the court agrees.

Specifically, this claim asserts the tort of "bad faith."  *See Best Place v. Penn Am. Ins. Co.*, 82 Haw. 120, 128, 920 P.2d 334, 342 (1996) (adopting tort of bad faith for breach of implied covenant of good faith and fair dealing in an insurance contract).  But, although bad faith is an accepted tort where the plaintiff is a party to an insurance contract, the tort has not been recognized in Hawaii based upon a mortgage loan contract.  *See Jou v. Nat'l Interstate Ins. Co. of Haw.*, 114 Haw. 122, 129, 157 P.3d 561, 568 (Haw. App. 2007) (explaining that "the Hawaii Supreme Court emphasized that the tort of bad faith, as adopted in [*Best Place v. Penn Am. Ins. Co.*, 82 Haw. 120, 128, 920 P.2d 334, 342 (1996),] requires a contractual relationship between an insurer and an insured" (citations omitted)).

Moreover, although commercial contracts for "sale of goods" also contain an obligation of good faith in their performance and enforcement, this obligation does not create an independent cause of action.  *See Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1037-38 (D. Haw. 2006).  And Hawaii courts have noted that "[o]ther jurisdictions recognizing the tort of bad faith . . . limit such claims to the insurance context or situations

involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion." *Id.* at 1037 (quoting *Francis v. Lee Enters.*, 89 Haw. 234, 238, 971 P.2d 707, 711 (1999)). It is thus unlikely that Plaintiff could recover for bad faith as alleged in Count III.

Importantly, even assuming a bad faith tort exists outside the insurance context, it is well-settled that "[a] party cannot breach the covenant of good faith and fair dealing before a contract is formed." *Contreras v. Master Fin., Inc.*, 2011 WL 32513, at *3 (D. Nev. Jan. 4, 2011) (citing *Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 941 (2d Cir. 1998) ("[A]n implied covenant relates only to the performance under an extant contract, and not to any pre-contract conduct.")). Hawaii follows this distinction. *See Young v. Allstate Ins. Co.*, 119 Haw. 403, 427, 198 P.3d 666, 690 (2008) (indicating the covenant of good faith does not extend to activities occurring before consummation of an insurance contract).

Thus, because all of Count III's allegations concern pre-contract activities (failing to disclose terms, failing to conduct proper underwriting, making an improper loan to Plaintiff), Defendants cannot be liable for bad faith. *See id.*; *see also Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1237 (D. Nev. 2009) ("Because Plaintiffs' claim revolves entirely around alleged

misrepresentations made before the [mortgage loan] contract was entered into, [the bad faith claim] fails as a matter of law.").

And, even if Plaintiff is attempting to assert bad faith in the performance of a contractual right to foreclose, "a court should not 'conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good faith and fair dealing.'" *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (citation omitted). "The covenant [of good faith] does not 'impose any affirmative duty of moderation in the enforcement of legal rights.'" *Id.* (quoting *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 479-80, 261 Cal. Rptr. 735, 742 (1989)).

Accordingly, Count III is DISMISSED. Because further amendment would be futile, dismissal of Count III is without leave to amend. This dismissal is as to all Defendants.

## C.    **Count IV -- TILA**

MortgageIT argues that Plaintiff's TILA claims for damages and for rescission are time-barred. The court agrees.

### 1.    *Damages under TILA*

Any claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). For

violations of TILA's disclosure requirements, this one-year period generally begins to run from the date of consummation of the loan. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Equitable tolling may nonetheless apply in certain circumstances:

> [T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. Therefore, as a general rule, the limitations period starts at the consummation of the transaction. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*Id.* Where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

MortgageIT has presented evidence that Plaintiff entered into the mortgage transaction on July 6, 2007, and did not bring this action until over three years later on February 1, 2011. *See* MortgageIT Ex. C. Based on this evidence, MortgageIT has carried its summary judgment burden of establishing that this claim appears time-barred. Despite being apprised of her summary judgment

obligations, Plaintiff presented no evidence suggesting that equitable tolling may apply to this claim and indeed, filed no Opposition whatsoever.[3] The court therefore GRANTS MortgageIT's Motion for Summary Judgment as to Plaintiff's TILA damages claim as to MortgageIT. The court does not, however, *sua sponte* dismiss the TILA claim for damages as to the other Defendants. In this regard, the one-year statute of limitations in § 1640(e) is an affirmative defense that a defendant has the burden of raising and establishing. *See, e.g.*, *Radford v. Wells Fargo Bank*, 2011 WL 1833020, at *7 (D. Haw. May 13, 2011). Because no Defendant other that MortgageIT sought summary judgment as to this claim, no other Defendant has met a burden to raise this affirmative defense. *See Caniadido v. Countrywide Bank, FSB*, 2010 WL 2470640, at *8 (D. Haw. June 20, 2011) ("As the limitations period is a matter on which a defendant bears the burden, this court does not here sua sponte dismiss the damage claim against [the unserved

---

[3] The court recognizes that the Complaint asserts that the statute of limitations was tolled "due to Defendants' failure to effectively provide the required disclosures and notices." Compl. ¶ 67. Allegations in a Complaint, however, are irrelevant in determining summary judgment. Further, even if true, this allegation is insufficient to satisfy equitable tolling because it would establish no more than the TILA violation itself. *See, e.g.*, *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."); *Jacob v. Aurora Loan Servs.*, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010) ("Plaintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes. Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA . . . and the statutes of limitations would be meaningless.").

defendant] on statute of limitations grounds.").

## 2. *Rescission under TILA*

As to Plaintiff's claim for rescission pursuant to TILA, Compl. ¶ 68,

TILA provides a right to rescind a loan transaction "until midnight of the third

business day following the consummation of the transaction or the delivery of the

information and rescission forms required under this section together with a

statement containing [the required material disclosures]." 15 U.S.C. § 1635(a). If

the required disclosures are not provided, however, the right to rescission expires

"three years after the date of consummation of the transaction or upon the sale of

the property, whichever occurs first[.]" 15 U.S.C. § 1635(f).[4] Section 1635(f) is

an absolute statute of repose barring "any [TILA rescission] claims filed more than

three years after the consummation of the transaction." *Miguel v. Country Funding

Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King*, 784 F.2d at 913). That is,

the three-year period is not subject to equitable tolling. *See Beach v. Ocwen Fed.

Bank*, 523 U.S. 410, 412 (1998) (stating that "§ 1635(f) completely extinguishes

the right of rescission at the end of the 3-year period," even if a lender failed to

make the required disclosures).

---

[4] A transaction is "consummated" when a consumer becomes contractually obligated.
*See Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) (citing 12 C.F.R. § 226.2(a)(13)).

Plaintiff's TILA claim for rescission is based on a July 2007 loan transaction. Plaintiff filed this action over three years later. Given that equitable tolling cannot apply to this claim, any amendment seeking rescission would be futile. And unlike the statute of limitations for a TILA damages claim, which is an affirmative defense, a TILA rescission claim is governed by a statute of repose which "permits no federal right to rescind [under TILA], defensively or otherwise, after the [three]-year period of § 1635(f) has run." *Beach*, 523 U.S. at 419. Section 1635(f) therefore "depriv[es] the courts of *subject matter jurisdiction* when a § 1635 claim is brought outside the three-year . . . period." *Miguel*, 309 F.3d at 1164 (emphasis added). Because this court lacks subject matter jurisdiction over this TILA rescission claim, it dismisses the claim *sua sponte* as to all Defendants.

Accordingly, the court DISMISSES Plaintiff's claim for rescission pursuant to TILA as time-barred without leave to amend. This dismissal is as to all Defendants.

**D.     Count V -- RESPA**

Count V alleges a violation of RESPA. Specifically, the Complaint alleges against all Defendants that (1) "the fees for this loan were . . . egregious," Compl. ¶ 76, and (2) "Defendants, and each of them, did give, provide or receive a hidden fee or thing of value for the referral of settlement business, including but

not limited to, kickbacks, hidden referral fees, and/or Yield Spread Premiums." *Id.*

¶ 78. The Complaint, therefore, is making a RESPA claim under 12 U.S.C.

§ 2607, for illegal fees at closing.[5]

Initially, to the extent that Count V claims Defendants received

"excessive" fees, that claim under RESPA fails as a matter of law -- § 2607 does

not prohibit "excessive" fees. *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598

F.3d 549, 553-54 (9th Cir. 2010) (concluding that § 2607 "cannot be read to

prohibit charging fees, excessive or otherwise, when those fees are for services that

were actually performed").

As to other aspects of § 2607, MortgageIT asserts that a RESPA claim

is time-barred. The court agrees -- the statute of limitations for a RESPA claim is

either one or three years from the date of the violation, depending on the type of

violation. The one-year period applies to a claim under § 2607. Specifically, 12

U.S.C. § 2614 provides:

> Any action pursuant to the provisions of section 2605,
> 2607, or 2608 of this title may be brought in the United
> States district court or in any other court of competent
> jurisdiction, for the district in which the property
> involved is located, or where the violation is alleged to

---

[5] Any possible claims for violations of 12 U.S.C. §§ 2603 or 2604 for failing to provide a "good faith estimate" or "uniform settlement statement" necessarily fail because there is no private cause of action for a violation of those sections. *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 557 (9th Cir. 2010).

have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . .

Although the Ninth Circuit has not addressed the precise issue, other courts -- including this court -- have found that equitable tolling may apply to a RESPA claim. *See Sakugawa v. IndyMac Bank, F.S.B.*, 2010 WL 4909574, at *4 (D. Haw. Nov. 24, 2010) (citing cases).

As with Plaintiff's claim for damages under TILA, Plaintiff brought this action well past either applicable statute of limitations for RESPA violations. Any illegal fee would have occurred in 2007; this action was filed in 2011. MortgageIT therefore has carried its burden of establishing that this claim is time-barred, and Plaintiff has failed to come forward with any evidence suggesting that she is entitled to equitable tolling of the statute of limitations.[6] MortgageIT is entitled to summary judgment on this claim.

In sum, the court DISMISSES Plaintiff's RESPA claim as to all Defendants. The dismissal as to MortgageIT is without leave to amend. The

---

[6] As with Plaintiff's claim for damages under TILA, the statute of limitations is an affirmative defense that a defendant has the burden of raising. Because no Defendant other than MortgageIT has sought dismissal of this claim, the court does not rely on this ground for dismissing Plaintiff's RESPA claim against any Defendant other than MortgageIT. As set forth above, however, there is an independent basis to dismiss the RESPA claim as to the other Defendants.

dismissal as to other Defendants is with leave to amend, except for (1) any claim under § 2607 asserting a fee was "excessive" or otherwise for services that were actually performed, or (2) any claim under §§ 2603 or 2604. Allowing such amendments would be futile. *See Martinez*, 598 F.3d at 554, 557.

## E.     Count VII -- Unfair and Deceptive Acts and Practices

Count VII alleges that all Defendants are liable for Unfair and Deceptive Acts and Practices "by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of her home, equity, as well as her past and future investment." Compl. ¶ 88. Plaintiff alleges that Defendants "failed to undergo a diligent underwriting process," failed to disclose matters, should not have approved her loan because she could not afford it, and had "knowledge of these facts, circumstances and risks but failed to disclose them." *Id.* ¶ 87. By alleging "Unfair and Deceptive Acts and Practices," Plaintiff is making a claim under HRS § 480-2(a) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.").

MortgageIT attacks the sufficiency of these allegations and the court therefore construes this argument as seeking dismissal pursuant to Rule 12(b)(6). The court agrees that this claim fails to state a claim under § 480-2.

In granting summary judgment against a borrower on a § 480-2 claim, this court in *McCarty v. GCP Management, LLC*, 2010 WL 4812763 (D. Haw. Nov. 17, 2010), relied on the rule that "lenders generally owe no duty to a borrower 'not to place borrowers in a loan even where there was a foreseeable risk borrowers would be unable to repay.'" *Id.* at *6 (quoting *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1061 (E.D. Cal. 2009)). And, as cited in *McCarty*, ample authority supports this proposition. *See Sheets v. DHI Mortg. Co.*, 2009 WL 2171085, at *4 (E.D. Cal. July 20, 2009) (reasoning that no duty exists "for a lender 'to determine the borrower's ability to repay the loan . . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'" (quoting *Renteria v. United States*, 452 F. Supp. 2d 910, 922-23 (D. Ariz. 2006) (finding that borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan")). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Cal. App. 1991). Nothing in the Complaint indicates that any Defendant "exceed[ed] the scope of [a] conventional role as a mere lender of money."

Further, where a Chapter 480 claim is based on fraudulent acts, a plaintiff must plead such claim with particularity. *See Smallwood v. NCsoft Corp*., 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010) (relying on *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009), to find that Chapter 480 claims that sound in fraud must be pled with particularity). As pled, it appears that at least some of Plaintiff's allegations in support of her Chapter 480 claim sound in fraud. *See* Compl. ¶ 88 (asserting that Defendants engaged in "fraudulent business practices"). But none of the allegations asserts "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged fraud, and how each Defendant participated in the fraud. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48. Accordingly, Plaintiff's allegations fail to meet either Rule 8's general pleading requirement or Rule 9(b)'s particularity requirement.

Count VII is therefore DISMISSED with leave to amend. This dismissal is as to all Defendants.

## F.    Count VIII -- Breach of Fiduciary Duty

Count VIII alleges, without distinguishing between various Defendants, that Defendants owe Plaintiff a fiduciary duty and breached that duty by failing "to advise or notify Plaintiff . . . that Plaintiff would or had a likelihood

of defaulting on the loan." Compl. ¶ 91. Defendants also allegedly breached a

fiduciary duty owed to Plaintiff by "exercis[ing] a greater level of loyalty to each

other by providing each other with financial advantages under the loan without

disclosing their relation to one another[.]" *Id.* ¶ 92. Plaintiff also alleges that

failure to provide material disclosures "while in the capacity of Plaintiff's Lender"

and "fail[ure] to fully comply with TILA and RESPA . . . are violations of a

fiduciary responsibility owed to Plaintiff by Defendants." *Id.* ¶¶ 93-94.

MortgageIT argues that these allegations fail to state a claim and

applying the Rule 12(b)(6) standard, the court agrees. In *McCarty*, this court set

forth a myriad of caselaw for the well-settled proposition that generally a

borrower-lender relationship is not fiduciary in nature:

> Lenders generally owe no fiduciary duties to their
> borrowers. *See, e.g.*, *Nymark v. Heart Fed. Sav. & Loan
> Ass'n*, 283 Cal. Rptr. 53, 54 n.1 (Cal. App. 1991) ("The
> relationship between a lending institution and its
> borrower-client is not fiduciary in nature."); *Miller v.
> U.S. Bank of Wash.*, 865 P.2d 536, 543 (Wash. App.
> 1994) ("The general rule . . . is that a lender is not a
> fiduciary of its borrower."); *Huntington Mortg. Co. v.
> DeBrota*, 703 N.E.2d 160, 167 (Ind. App. 1998) ("A
> lender does not owe a fiduciary duty to a borrower absent
> some special circumstances."); *Spencer v. DHI Mortg.
> Co.*, 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009)
> ("Absent 'special circumstances' a loan transaction 'is at
> arms-length and there is no fiduciary relationship
> between the borrower and lender.'") (quoting *Oaks
> Mgmt. Corp. v. Super. Ct.*, 51 Cal. Rptr. 3d 561 (Cal.

App. 2006)); *Ellipso, Inc. v. Mann*, 541 F. Supp. 2d 365,
373 (D. D.C. 2008) ("[T]he relationship between a debtor
and a creditor is ordinarily a contractual relationship . . .
and is not fiduciary in nature.") (citation omitted).

*McCarty*, 2010 WL 4812763, at *5.

Given this rule, Plaintiff fails to state a claim for breach of fiduciary

duty.[7] As with a § 480-2 claim, nothing in the Complaint alleges "special

circumstances" that might impose a fiduciary duty in this mortgage-lending

situation against Defendants. *See, e.g.*, *Shepherd v. Am. Home Mortg. Servs., Inc.*,

2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009) ("Plaintiff cites no authority

for the proposition that AHMSI or Deutsche owed a duty to not cause plaintiff

harm in their capacities as servicer and [successor] to the original lender in

ownership of the loan, respectively. . . . In fact, loan servicers do not owe a duty to

the borrowers of the loans they service.").

Accordingly, Count VIII is DISMISSED with leave to amend. This

dismissal is as to all Defendants.

---

[7] Unlike lenders, brokers generally owe fiduciary duties to their clients. *See, e.g.*,
*Mortensen v. Home Loan Ctr., Inc.*, 2009 WL 113483, at *4 (D. Ariz. Jan. 16, 2009) (citing
cases indicating that mortgage brokers have fiduciary duties to their clients); *Brewer v. Indymac
Bank*, 609 F. Supp. 2d 1104, 1119 (E.D. Cal. 2009) (same); *cf. Han v. Yang*, 84 Haw. 162, 172,
931 P.2d 604, 614 (Haw. App. 1997) ("A real estate broker is a fiduciary and consequently must
exercise the 'utmost good faith, integrity, honesty, and loyalty,' and must diligently uphold a
legally imposed duty of due care.") (citations omitted). Because Plaintiff does not assert any
allegations establishing that any of the Defendants were acting in the capacity as a broker, the
court need not determine if Plaintiff could state a claim against a broker.

## G.     Count IX -- Unconscionability

Count IX asserts that courts may refuse to enforce a contract or portions of a contract that are unconscionable, Compl. ¶ 96, and courts are to give parties an opportunity to present evidence regarding a contract's "commercial setting, purpose and effect" to determine if a contract is unconscionable. *Id.* ¶ 97. It alleges the following facts:

> Here, based on the deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were require[d] to follow; coupled with the windfall that the Defendants reaped financially from their predatory practices upon Plaintiff's [sic], the court may find that the loan agreement and trust deed are unconscionable and of no force or effect.

*Id.* ¶ 98.

Again, MortgageIT attacks the sufficiency of the allegations and not the lack of a genuine issue of material fact. The court agrees that the Complaint's allegations are insufficient.

"Unconscionability" is generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief. *See, e.g.*, *Gaitan v. Mortg. Elec. Registration Sys.*, 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its

own."); *Carey v. Lincoln Loan Co.*, 125 P.3d 814, 829 (Or. App. 2005) ("[U]nconscionability is not a basis for a separate claim for relief."); *see also Barnard v. Home Depot U.S.A., Inc.*, 2006 WL 3063430, at *3 n.3 (W.D. Tex. Oct. 27, 2006) (citing numerous cases for the proposition that neither the common law or the UCC allows affirmative relief for unconscionability).

To the extent unconscionability can be addressed affirmatively as part of a different -- that is, independent -- cause of action, such a claim "is asserted to prevent the enforcement of a contract whose *terms* are unconscionable." *Skaggs v. HSBC Bank USA, N.A.*, 2010 WL 5390127, at *3 (D. Haw. Dec. 22, 2010).[8] *Skaggs* dismissed a "claim" for unconscionability because it challenged only conduct such as "obtaining mortgages under false pretenses and by charging Plaintiff inflated and unnecessary charges," and "failing to give Plaintiff required documents in a timely manner," but not any specific contractual term. *Id.* Likewise, Count IX fails to challenge any particular term as unconscionable in an

---

[8] In *Skaggs*, this court noted in dicta that "at least one Hawaii court has addressed unconscionability when raised as a claim seeking rescission." 2010 WL 5390127, at *3 n.2 (citing *Thompson v. AIG Haw. Ins. Co.*, 111 Haw. 413, 142 P.3d 277 (2006)). The court did not mean to suggest that an affirmative claim for "unconscionability" without more is a proper cause of action. Even in *Thompson*, the operative complaint did not assert a separate *count* for rescission or unconscionability. *See Thompson*, 111 Haw. at 417, 142 P.3d at 281 (indicating the specific counts were for negligence, fraud, breach of duty, and unfair and deceptive trade practices under HRS 480-2). In *Thompson*, the remedy of rescission was based on an independent claim.

affirmative claim where the unconscionable terms may be relevant to that particular claim.

Accordingly, Count IX is DISMISSED with leave to amend. This dismissal is as to all Defendants.

## H.      Count X -- Predatory Lending

Under the title "predatory lending," Count X repeats a variety of allegations (*e.g.*, failure to disclose terms and conditions or material facts, targeting of unsophisticated persons, unfair loan terms, and improper underwriting) that form the basis of other causes of action. MortgageIT correctly argues that these allegations fail to state a cognizable claim.

Courts have found that there is no common law claim for "predatory lending." *See Haidar v. BAC Home Loans Servicing, LP*, 2010 WL 3259844, at *2 (E.D. Mich. Aug. 18, 2010) (agreeing that "there is no cause of action for predatory lending"); *Pham v. Bank of Am., N.A.*, 2010 WL 3184263, at *4 (N.D. Cal. Aug. 11, 2010) ("There is no common law claim for predatory lending"). To the extent such "predatory" practices provide a claim for relief, they appear to be grounded in another statutory or common-law cause of action such as fraud -- the term "predatory lending" is otherwise too broad. *See Vissuet v. Indymac Mortg. Servs.*, 2010 WL 1031013, at *3 (S.D. Cal. Mar. 19, 2010) (dismissing claim for

"predatory lending" with leave to amend -- agreeing that the term is expansive and fails to provide proper notice, where Defendants "are left to guess whether this cause of action is based on an alleged violation of federal law, state law, common law, or some combination"); *see also Hambrick v. Bear Stearns Residential Mortg.*, 2008 WL 5132047, at *2 (N.D. Miss. Dec. 5, 2008) (dismissing a claim for predatory lending where plaintiffs failed to cite any "[state] or applicable federal law, precedential or statutory, creating a cause of action for 'predatory lending.' The court is unaware of any such cause of action.").

The court finds these authorities persuasive. Count X fails to state a cause of action. The court does not mean to imply that "predatory lending" is proper and cannot form the basis of some cause of action. But Hawaii courts have not recognized "predatory lending" itself as a common-law cause of action, and the precise elements of such a claim are undefined. The ambiguous term "predatory lending" potentially encompasses a wide variety of types of alleged wrongdoing. Recognizing a cause of action here would thus fail to provide proper notice. *See Vissuet*, 2010 WL 1031013, at *3.

Accordingly, Count X is DISMISSED with leave to amend to allow an opportunity for Plaintiff to attempt to state a cause of action based on specific activities (which others might otherwise describe as "predatory") under a

33

recognized statutory or common-law theory.  This dismissal is as to all Defendants.

## I.  Count XI  -- Quiet Title

Count XI alleges that Defendants have "no legal or equitable right, claim, or interest in the Property," Compl. ¶ 114, and therefore Plaintiff is entitled to a declaration that "the title to the Subject Property is vested in Plaintiff's [sic] alone[.]"  *Id.* ¶ 115.

MortgageIT has presented evidence that it no longer holds a beneficial interest in the property such that this claim is not properly directed to MortgageIT.  *See* Campbell Decl. ¶ 7.  In opposition, Plaintiff has not come forward with any evidence suggesting otherwise.

The court therefore GRANTS MortgageIT's Motion for Summary Judgment as to this claim.  This claim remains against the other Defendants.

## J.  Count XII -- Lack of Standing (MERS)

Count XII, entitled "Lack of Standing; Improper Fictitious Entity" fails to state a claim because a claim for "lack of standing" makes no sense against a defendant.  Rather, standing is a requirement for a plaintiff in order to proceed in a lawsuit.  Further, the Complaint appears to be missing pages such that this claim alleges only that MERS "has been named the beneficiary for this loan," and that MERS "was created to eliminate the need for executing and recording of

assignment of mortgages." Compl. ¶ 118. These allegations on their own assert no injury and/or misconduct. To the extent Plaintiff is attempting to allege that MERS may not foreclose, or has improperly foreclosed, the court will allow Plaintiff an opportunity to clarify the factual allegations as to MERS, but not to do so as now written in this Count. Plaintiff may, if appropriate, attempt in an Amended Complaint to assert alleged illegalities as to MERS' status in an independent cause of action -- not in a count entitled "Lack of Standing; Improper Fictitious Entity."

Accordingly, Count XII is DISMISSED as to all Defendants, with leave to amend as to MERS only.

## V. <u>CONCLUSION</u>

MortgageIT's Motion is GRANTED and the Complaint is DISMISSED against MortgageIT with leave to amend as to specific counts as explained above. The dismissal also applies to the other Defendants, with two exceptions -- Count IV for damages under TILA is dismissed only as to MortgageIT because the dismissal is based on an affirmative defense that a Defendant must raise on its own behalf, and Count XI is dismissed only as to MortgageIT because MortgageIT did not argue that the allegations are insufficient to state a cognizable claim.

To summarize, as to each Count of the Complaint, the court rules as

follows:

1.  Count I for declaratory relief is dismissed without leave to amend. This dismissal is as to all Defendants.

2.  Count II for injunctive relief is dismissed without leave to amend. This dismissal is as to all Defendants.

3.  Count III, entitled "contractual breach of the implied covenant of good faith and fair dealing," is dismissed without leave to amend. This dismissal is as to all Defendants.

4.  Count IV for damages for violations of TILA is dismissed as to MortgageIT only, without leave to amend. The claim for damages remains as to the other Defendants.

5.  Count IV for rescission under TILA is dismissed without leave to amend. This dismissal is as to all Defendants.

6.  Count V under RESPA is dismissed. This dismissal is without leave to amend as to MortgageIT. As to the other Defendants, Plaintiff is granted leave to amend, but may not amend to state a claim for violating 12 U.S.C. § 2607 for charging an "excessive" fee or if based on violating 12 U.S.C. §§ 2603 or 2604.

7.  Count VI for rescission, in general, is dismissed without leave to amend. This dismissal is as to all Defendants.

8.  Count VII for unfair and deceptive trade practices is dismissed with leave to amend.  This dismissal is as to all Defendants.

9.  Count VIII for breach of fiduciary duty is dismissed with leave to amend.  This dismissal is as to all Defendants.

10.  Count IX entitled "unconscionability" is dismissed with leave to amend as to all Defendants.

11.  Count X entitled "predatory lending" is dismissed with leave to amend to assert claims under recognized common-law or statutory theories, but not as a claim entitled "predatory lending."

12.  Count XI entitled "quiet title" is dismissed without leave to amend as to MortgageIT only.

13.  Count XII entitled "lack of standing" is dismissed with leave to amend as to MERS only.  As to any other Defendant, the dismissal is without leave to amend.

Plaintiff is GRANTED until September 26, 2011 to file an Amended Complaint attempting to cure the identified deficiencies.  If Plaintiff chooses to file an Amended Complaint, she must clearly state how each named Defendant has injured her.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a

plausible claim for relief. Plaintiff should not include facts that are not directly relevant to her claims. In other words, to provide proper notice, the Amended Complaint should allege necessary facts against specific Defendants, *i.e.*, tie each claim to a Defendant or specific Defendants and explain how each Defendant is liable.

Plaintiff is also notified that the Amended Complaint supercedes the prior Complaint and must be complete in itself without reference to prior or superceded pleadings. *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). That is, the Amended Complaint, if any, must stand alone, without reference to prior pleadings or documents in the record. For example, if a Defendant that is named in the Complaint is not named in the Amended Complaint, that Defendant is no longer part of the action. *See, e.g.*, *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

If Plaintiff does not file an Amended Complaint by September 26, 2011, the action will be dismissed as against MortgageIT, and the action will remain only as to Counts IV for damages under TILA and Count XI against other Defendants.

Finally, this Order limits Plaintiff to filing an Amended Complaint that attempts to cure the specific deficiencies identified in this Order. That is, this Order does not grant Plaintiff leave to amend to file an Amended Complaint that asserts any *different* theories or causes of action. Rather, if Plaintiff seeks to file an Amended Complaint that adds or substitutes different theories or claims arising out of the same conduct or transaction, Plaintiff must first file a separate Motion complying with the requirements of Federal Rule of Civil Procedure 15, regarding amended pleadings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 26, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Caniadido v. MortgageIT, LLC et al.*, Civ. No. 11-00078 JMS/BMK, Order (1) Granting Defendant MortgageIT, Inc.'s Motion for Summary Judgment; (2) Dismissing Other Claims; and (3) Granting Leave to Amend